**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-cv-02656-RM

JACQUELYNN S. McDANIEL,

    Petitioner,

v.

DONALD R. McDANIEL,

    Respondent.[1]

---

**ORDER**

---

This matter is before the Court on Petitioner Jacquelynn S. McDaniel's ("Petitioner") notice of removal (ECF No. 1). In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a federal court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britan PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). A review of Petitioner's notice of removal (ECF No. 1) makes clear that there

---

[1] In the Notice of Removal (ECF No. 1), Jacquelynn McDaniel characterizes herself as the "Defendant" and Donald McDaniel as the "Plaintiff." It is clear from documents (ECF Nos. 1-1; 1-4) contemporaneously filed with the Notice of Removal, that the state-court action is one in which Jacquelynn McDaniel is the "Petitioner" and Donald McDaniel is the "Respondent." The Court takes judicial notice, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979), of the documents filed in the state-court action. Further, Petitioner claims that the notice of removal was filed within 30 days of her receiving "a copy of the Complaint." (ECF No. 1 at 7.) This is clearly not accurate as the documents attached to the notice of removal are not a complaint but rather are a motion and state-court order (ECF Nos. 1-1; 1-2) and by Petitioner's own admission that this matter began in 2007 or 2011 (ECF No. 1 at 3). Jacquelynn McDaniel is advised that her representations to the Court must comply with Rule 11 of the Federal Rules of Civil Procedure.

is no proper basis for removal of this action. For the reasons discussed below, the case must be remanded to the state court.

Petitioner appears *pro se*; therefore, the Court will construe her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding a *pro se* complainant's allegations to less stringent standards than formal pleadings drafted by lawyers); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). But, under even the most liberal construction, subject matter jurisdiction has not been shown. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (the party asserting jurisdiction bears the burden of establishing such jurisdiction).

Petitioner purports to remove this case on the basis of alleged federal questions presented in her own state court case. This basis does not allow Petitioner to invoke 28 U.S.C. § 1441. The statute is clear that only state court defendants (or a respondent in this instance), and not plaintiffs (or a petitioner in this instance), may remove an action to federal court. *See* 28 U.S.C. § 1441(a) (civil actions brought in state court over which a federal district court has original jurisdiction "may be removed by the defendant or the defendants") (emphasis added); *id*. § 1446(a) (described procedure by which "[a] defendant or defendants" may remove a state court action); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-08 (1941); *Strich v. Bd. of Cty. Comm'rs of Lake Cty., Colo.*, Case No. 09-CV-01924-PAB-KLM, 2009 WL 2710146, at *1 (D. Colo. Aug. 25, 2009). Regardless of whether Petitioner's claims actually raise questions of federal law, Petitioner is bound by her own forum choice.

Further, Petitioner claims as the basis for her removal that as a "defendant" her "federal civil rights [have been violated] under 18 U.S.C. § 241." (ECF No. 1 at 2.) Removal is not permitted on this basis. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 525 U.S. 826,

831 (2002) ("[A] counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction."), *superseded by statute on other grounds as recognized in Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1181 n.2 (10th Cir. 2015); *Rivit v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (case may not be removed based on a federal defense); *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012).

In short, Petitioner's notice of removal (ECF No. 1) constitutes an improper attempt to remove Petitioner's state-court action to federal court, and the case must be remanded.

Accordingly, the Court ORDERS that this case is REMANDED, pursuant to 28 U.S.C. § 1447(c), to the District Court, Arapahoe County, State of Colorado, where it was originally filed as case number 07 DR 1149.

DATED this 9th day of December, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge